UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

SABRINA DeWALT,

      Plaintiff,

v.                                                      Civil Action No. 4:06cv121

DILLARD'S, INC.,
JUDY CHEEK,
and
GILBERT DAVID ESPINOSA, JR.,

      Defendants.

CAROL WEST JUDKINS,

      Plaintiff,

v.

DILLARD'S, INC.,
JUDY CHEEK,
and
GILBERT DAVID ESPINOSA, JR.,

      Defendants.

## ORDER AND OPINION

This matter comes before the court on the plaintiffs' identical Motions for Remand, both filed on October 13, 2006. After examination of the briefs and the record, this court determines that oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This court has determined that it lacks subject matter jurisdiction over the plaintiffs' claims, and therefore the plaintiffs' motions to remand are **GRANTED** and these cases are **REMANDED** to the Circuit

Court for the City of Hampton, Virginia. Accordingly, the defendants' Motions to Compel Arbitration are **MOOT**.

## I. Procedural History

On September 12, 2005, the plaintiffs filed identical but separate Motions for Judgment in the Circuit Court for the City of Hampton, in which each alleged that the defendants provided the Hampton Police Department with false information, which led to the arrest and subsequent criminal prosecution of both plaintiffs. At that trial, on March 21, 2002, the charges against the plaintiffs were dismissed after a motion to strike the prosecution's evidence was sustained. The plaintiffs then filed separate lawsuits against the defendants in state court, but voluntarily took non-suits of that action on March 15, 2005, and then re-filed on September 12, 2005. In the instant lawsuit, the plaintiffs complain of injury to their credit and reputation, hindrance in the practice of their profession, loss of time and expenditure of money in defense of the criminal charge, and mental anguish. The plaintiffs each seek one million dollars in compensatory damages and one million dollars in punitive damages.

The defendants removed both cases to this court on September 15, 2006, and filed notices of removal in which they argued that this court has original federal question jurisdiction over the plaintiffs' claims as a result of the Federal Arbitration Act, 9 U.S.C. §§ 1-14. The defendants did not claim that this court has diversity jurisdiction over the plaintiffs' claims, because even though defendant Dillard's is a citizen of Arkansas (where it is incorporated and has its principal place of business) and defendant Espinosa is a citizen of Illinois, defendant Cheek is acknowledged to be a citizen of the Commonwealth of Virginia. Therefore, the case does not meet the

requirement of complete diversity of parties pursuant to 28 U.S.C. §1332(a)(1), nor the requirement of 28 U.S.C. § 1441(b) that a case removed on the basis of diversity jurisdiction have no defendant who is a citizen of the state in which the action was originally brought.

On September 15, 2006, the defendants filed separate Motions to Compel Arbitration, asserting that the plaintiffs' claims are governed by employment agreements that each plaintiff entered into with defendant Dillard's, which requires claims relating to their employment to be arbitrated. The plaintiffs filed separate but identical responses to the defendants' motions on October 16, 2006, after consent orders were entered granting them permission to file their responses late. The defendants filed separate but identical reply briefs on October 27, 2006, after additional consent orders were entered extending the time in which to file their reply briefs.

The plaintiffs each filed separate but identical motions to remand the case back to state court on October 13, 2006, averring that this court lacks subject matter jurisdiction over the controversies because there is neither a federal question nor complete diversity of the parties. The defendants responded to these motions on October 27, 2006, and the plaintiffs filed reply briefs on November 1, 2006. In the interim, plaintiff Judkins filed a Motion of Transfer on October 27, 2006, noting the presence of plaintiff DeWalt's case and requesting that the two cases be consolidated. The court granted this motion and consolidated the two cases by Order of November 8, 2006. The Motions for Remand are now ripe for review.

## II. Standard of Review

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant

thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  If a federal court determines that it lacks subject matter jurisdiction over a case that has been removed from state court, it must remand that case back to state court.  See 28 U.S.C. § 1447(c).  Ordinarily, if a case is remanded back to state court, the defendant forever loses his right to a federal forum as well as any possibility of a review of the court's decision to remand.  See 28 U.S.C. § 1447(d).  "[T]he Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals." Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 218 (1906).  This court therefore will scrutinize every attempt to deprive a defendant of his right to a federal forum, and will only remand if it is clear that jurisdiction is improper at the federal level.

**III.  Analysis**

After a review of the pleadings and the record, it is clear that this court lacks subject matter jurisdiction over the instant case.  Although the defendants claim that jurisdiction is founded on the Federal Arbitration Act, the Supreme Court has clearly held that the Arbitration Act cannot provide an independent basis for federal question jurisdiction.  See Moses H. Cone Mem'l Hosp.v. Mercury Constr. Corp., 460 U.S. 1, 26 n.32 (1983).  In Moses H. Cone, the Court held that "[t]he Arbitration Act is something of an anomaly in the field of federal-court jurisdiction.  It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." Id.  Further, the Court held that "Section 4 provides for an order compelling arbitration only when the federal district court would have

4

jurisdiction over a suit on the underlying dispute; hence there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." Id.

It is clear, then, that the existence of a claim that is governed by the Federal Arbitration Act is insufficient, by itself, to vest in this court jurisdiction to rule on the matter. See also Discover Bank v. Vaden, 396 F.3d 366, 368 (4th Cir. 2005); Med-Tel International Corp. v. Loulakis, 403 F.Supp. 2d 496, 499 (E.D. Va. 2005) ("[E]ven though it would appear that respondents' and petitioners' causes of action are created by . . . the FAA . . ., this alone cannot satisfy the requirements for federal question jurisdiction under 28 U.S.C. § 1331."). It is equally clear that the defendants, at least initially, based their removal on this faulty premise (See Notices of Removal, ¶¶ 4, 8). In their responses to both of the plaintiffs' motions to remand, the defendants now assert that "it is apparent that Plaintiff's claim is really that she believes her Title VII rights were violated because she was treated 'differently' than other employees during her employment" (Defendants' Oppositions to Plaintiff's Motion for Remand, at 2). Yet nowhere in the Motions for Judgment do the plaintiffs mention their employment with Dillard's or assert a claim under Title VII. In fact, the plaintiffs clearly state in their memoranda in support of their motion to remand: "The plaintiff does not claim wrongful discharge from employment. Her claim has nothing to do with employment" (Memoranda in Support of Motion to Remand, at 1).

The "well-pleaded complaint" rule requires that "a defendant may not remove a case to federal court unless the plaintiff 's complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10 (1983) (emphasis in original). A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

5

necessarily depends on resolution of a substantial question of federal law." Id. at 27-28. In this case, the plaintiffs make state-law claims for malicious prosecution. See Pallas v. Zaharopoulos, 219 Va. 751, 752 (1979). Federal law does not create their cause of action, nor does the plaintiffs' right to relief depend on the resolution of a substantial question of federal law. To the extent that the defendants claim that, because the Federal Arbitration Act may apply to the plaintiffs' employment contracts, jurisdiction is appropriate in federal court, that assertion is foreclosed because the plaintiffs' complaints make no mention of arbitration or the Federal Arbitration Act, and, as previously noted, the Federal Arbitration Act does independently create federal question jurisdiction. Because the plaintiffs' claims against the defendants do not by themselves implicate the U.S. Constitution or any federal statute, and diversity jurisdiction is improper, there exists no "independent basis for federal jurisdiction" upon which this court may properly base a ruling.

**IV.  Conclusion**

The court is mindful that depriving a defendant of its statutory right to a federal forum is substantial, and that if a case is remanded to state court, ordinarily, the defendant forever loses its right to a federal forum as well as the possibility of a review of the court's decision to remand. See 28 U.S.C. § 1447(d). Nevertheless, in light of the binding Supreme Court precedent, this court has determined that it lacks subject matter jurisdiction and must remand the case to the state court.

Accordingly, the court **GRANTS** the plaintiffs' motions to remand and **ORDERS** these cases remanded to the Circuit Court for the City of Hampton, Virginia. The court is therefore

without jurisdiction to rule on the defendants' Motions to Compel Arbitration.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all parties.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

November 14, 2006
Norfolk, Virginia